# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BARAJAS | Old Case No. 1: 05 C 0359 REC  DLB |
| | New Case No. 2: 05 CV 1539 MCE DAD |
| Plaintiff, | ORDER TRANSFERRING CASE |
| v. | and |
| STATE OF CALIFORNIA, et al., | ORDER TO FILE STATUS REPORT |
| Defendants. | |

**I.    Date of Scheduling Conference**

August 2, 2005.

**II.    Appearances of Counsel**

Michael J. Haddad appeared on behalf of Plaintiff.

Kevin W. Reager appeared on behalf of Defendants.

**III.    The Pleadings**

    A.    Summary of the Pleadings

This is a civil rights case alleging an unreasonable seizure and use of

1

excessive force by Defendant CHP Officers on November 23, 2003, in the City of Groveland, County of Tuolumne, California.

**Plaintiff's Contentions:**

On November 23, 2003, in the early morning shortly after midnight, Plaintiff Barajas was outside the Groveland Hotel on SR-120 in Groveland, California. Plaintiff and his co-worker, both journeymen members of the Boilermakers Union Local 549 out of Pittsberg, California, had come to Groveland from out of town to work on a construction project in or around Yosemite National Park. Plaintiff was left alone outside of the Groveland Hotel after his co-worker had been injured and taken to the hospital in an ambulance a short time earlier. Plaintiff did not have a ride to take him to the motel a few miles to the East where he was already registered, so Plaintiff was about to inquire whether he could stay the night at the Groveland Hotel when he was grabbed from behind by one of the Defendant CHP officers, on information and belief, Officer Pittman.

Without reasonable cause or provocation, Officer Pittman grabbed Plaintiff's right arm and twisted it very forcefully behind his back, causing great pain to Plaintiff. Next, with Plaintiff's arm held forcefully behind his back and twisted, Defendant Pittman pushed and/or dragged Plaintiff across SR-120 and down a driveway to his patrol car, where Defendant Dillon was located.

At the patrol car, Defendants Pittman and/or Dillon handcuffed Plaintiff and forcefully threw him into the back of the patrol car, causing further pain. By this time, Plaintiff had complained repeatedly about the pain and injury that Defendants had caused to his right shoulder.

Plaintiff asked Defendants why he was being arrested, but Defendants did not explain why. Defendants told Plaintiff he was going for a long trip. Defendants drove Plaintiff to the Tuolumne County Jail, during which time Plaintiff repeatedly told Defendants that they had injured him and that he needed medical treatment.

Defendants turned Plaintiff over to the custody of the county jail where Plaintiff was held for several hours and released later that day without any charges. Plaintiff went to Tuolumne General Hospital later that day where he was diagnosed and treated for a separated shoulder.

Since that day, Plaintiff has required continuing medical treatment, including surgery, for a complete rotator cuff tear in his right shoulder that Defendants caused. Plaintiff has incurred substantial medical bills and lost wages.

At all times during Plaintiff's contact with Defendants, Plaintiff behaved peacefully and lawfully. Plaintiff never displayed any weapon or threatened anyone in any way. Plaintiff alleges that, (a) the force used by Defendants against Plaintiff was unjustified and objectively unreasonable under the circumstances; (b) Defendants' seizure of Plaintiff lasted an excessive amount of time, was conducted unreasonably, and was done without probable cause, reasonable suspicion, or other legal right; and (c) Defendants' unreasonable seizure and use of excessive force against Plaintiff was done at least in part because of Plaintiff's race and/or national origin. Plaintiff's race is Latino and he is of Mexican ancestry.

Plaintiff brings claims for violation of the Fourth and Fourteenth Amendments, California Civil Code § 52.1 (interference, or attempted interference, with rights by use of threats, intimidation or coercion), California Civil Code § 51.7 (subjection to violence, or threat of violence, based on protected status), negligence, and assault and battery.

Plaintiff seeks damages from the Defendant Officers for the following injuries:

1. Severe injury to his right shoulder, including a complete rotator cuff tear requiring surgery and other medical treatment;
2. Wrongful seizure and imprisonment;
3. Racial profiling and discrimination;
4. Pain and suffering, including emotional distress;

|     |     |                                                                     |
| --- | --- | ------------------------------------------------------------------- |
|     | 5.  | Medical expenses;                                                   |
|     | 6.  | Lost wages and earning capacity;                                    |
|     | 7.  | Violation of constitutional rights;                                 |
|     | 8.  | All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law. |

Plaintiff also seeks injunctive relief from all Defendants pursuant to Cal. Civil Code §§ 52.1 and 51.7.

**Defendants' Contentions:** Defendants generally deny Plaintiffs' contentions, and claim that at all times their actions were proper and lawful. Defendants contend that they arrested Plaintiff for being drunk in public. Defendants deny injuring Plaintiff in any way.

    B.    Orders Re Amendment of Pleadings

No amendments are proposed at this time.

### IV. Intra-district Transfer

A. There is no dispute that this Court has jurisdiction over Plaintiffs' damages claims against the individual officers, and that this Court is a proper venue in which to hear this matter.

B. All parties hereby stipulate that the Sacramento Division of this Court would be more convenient for both parties, witnesses and counsel, and request an intra-district transfer to the Sacramento Division.

Accordingly IT IS HEREBY ORDERED that this action be transferred to Sacramento Courthouse, the action has been randomly assigned to the Honorable Morrison C. England, U.S. District Court Judge and the new case number is  2: 05 CV 1539 MCE DAD.

It is FURTHER ORDERED that:

C. Within twenty (20) days of this Order the parties will confer as required by

4

Fed. R. Civ. P. 26(f) and will prepare and submit to the court a **joint status report** that includes the Rule 26(f) discovery plan. The status report will address the following matters:

1. a brief summary of the claims;
2. status of service upon all defendants and cross-defendants;
3. possible joinder of additional parties;
4. contemplated amendments to the pleadings;
5. the **statutory** basis for jurisdiction and venue;
6. anticipated discovery and the scheduling of discovery, including:
    a. what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;
    b. the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases;
    c. what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;
    d. the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); and
    e. proposed dates for discovery cut-off.
7. proposed date by which all non-discovery motions shall be filed;
8. proposed dates for final pretrial conference and trial;
9. estimate of days of trial, and whether any party has demanded a jury;

10. appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c);

11. proposed modification of standard pretrial procedures due to the special nature of the case;

12. whether the case is related to any other case, including any matter involving bankruptcy;

13. prospects for settlement, including whether a settlement conference should be scheduled; and

14. any other matters that may be conducive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge.

D. The Court, upon review of the joint status report may:

1. issue a scheduling order incorporating the suggestions of counsel as contained in the joint status report;

2. by minute order, set a status conference to be held either by telephone or in person.

3. by minute order, require the parties to submit a supplemental joint status report to clarify and or complete the responses required by paragraph C, above.

E. A scheduling order will be issued regarding future proceedings in the case. Counsel are directed to read the order carefully. Requests to modify or vacate any date set forth in the order are not favored and will not be granted absent good cause.

F. In order to assist the court in meeting its recusal responsibilities, any

|   |   |   |
|---|---|---|
| 1 | | nongovernmental corporate party to this action shall submit a statement |
| 2 | | identifying all its parent corporations and listing any publicly held |
| 3 | | company that owns ten percent (10%) or more of the party's stock. Such |
| 4 | | statement shall be included in the parties' Joint Status Report. Thereafter, |
| 5 | | if there is any change in the information, the party shall file and serve a |
| 6 | | supplemental statement within a reasonable time after such change occurs. |
| 7 | G. | In accordance with L.R. 16-160, counsel are to immediately notify the |
| 8 | | courtroom deputy and chambers of any settlement or other disposition of |
| 9 | | the case. |

IT IS SO ORDERED.

Dated:   **August 2, 2005**          **/s/ Dennis L. Beck**

3b142a

UNITED STATES MAGISTRATE JUDGE